# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON
# CIVIL CASE NO: 10-261-DLB-JGW

EDDY DELOACH,                                                          PETITIONER,

V.

WARDEN, EASTERN KENTUCKY
CORRECTIONAL FACILITY,                                                 RESPONDENT.

## REPORT & RECOMMENDATION

Petitioner Eddy Deloach, an inmate currently incarcerated at the Eastern Kentucky Correctional Facility in West Liberty, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

### I. Preliminary Review

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides for preliminary review by the court prior to serving the respondent with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review by this court mandates dismissal of the petition without requiring a formal response to be filed, because the petition is clearly time-barred.

## II. Applicable Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. §2244(d). The statute generally begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2). District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition.[1] *See generally Day v. McDonough,* 547 U.S. 198, 126 S. Ct. 1675 (2006).

Petitioner challenges a September 29, 2004 conviction for rape in the first degree. According to his petition, Petitioner pleaded guilty in the Grant County Circuit Court and was sentenced to a term of imprisonment of thirty-five years. Petitioner filed no direct appeal. Instead, on May 14, 2007, Petitioner filed a post-conviction motion in state court pursuant to RCr 11.42 to vacate his judgment and sentence. That motion was denied by the trial court on June 25, 2007. The denial of state post-conviction relief was affirmed by the Kentucky Court of Appeals on June 8, 2008, and the Kentucky Supreme Court denied discretionary review on November 18, 2009.

On November 16, 2010, Petitioner sought relief from this federal court under 28 U.S.C.

---

[1] It is unclear whether notice is required for Rule 4 "screening" dismissals, but the issue need not be decided given that this Report & Recommendation provides the requisite notice.

2

§2254. Because the applicable statute of limitations permits federal relief only if a petitioner files his federal petition within one year of "the date on which the [state court] judgment became final," see 28 U.S.C. §2244(d)(1)(A), the first task is to determine when Petitioner's conviction became "final" in state court. According to his petition, on September 29, 2004 Petitioner pleaded guilty to the conviction he now challenges and filed no direct appeal. Therefore, Petitioner's conviction became "final" for purposes of seeking federal habeas relief on September 29, 2004. *See* 28 U.S.C. §2244(d)(1)(A); *White v. Sowders*, 644 F.2d 1177 (6th Cir. 1980)(recognizing that a guilty plea generally waives the right to an appeal, thus finalizing the judgment without the addition of time).

Because Petitioner did not seek federal post-conviction relief until more than six years later, on November 16, 2010, federal relief is foreclosed. Although the one-year federal limitations period may be tolled during the period of time that a properly filed state petition for post-conviction relief is pending, in this case Petitioner is not entitled to tolling because the federal statute had expired long before he first sought post-conviction relief in state court. *See* 28 U.S.C. § 2244(d)(2). By his own admission, Petitioner waited nearly three years to file any type of state post-conviction challenge.

In some cases a state post-conviction proceeding will toll the federal statute of limitations for seeking relief under §2254, but tolling is ineffective where the petitioner waits until the one-year federal statute of limitations has expired before seeking state post-conviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007); *Vrocman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(post-conviction motion may toll the limitations period, but will not restart the clock); *but see Jimenez v. Quarterman*, ___U.S. ___, 129 S. Ct. 681 (2009)(holding that one-year

clock is restarted in rare case when state court grants post-conviction relief in form of right to file out-of-time appeal before a defendant has first sought federal habeas relief). On the facts presented, Petitioner's claim is unquestionably time-barred.

To the extent that Petitioner may seek it, I find no basis for equitable tolling of the statute of limitations. In the Sixth Circuit, courts determine the propriety of equitable tolling on a case-by-case basis based upon a list of five factors. However, in general a party must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Pace v. DiGulglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)(citation omitted). Petitioner offers no grounds whatsoever which could trigger the doctrine of equitable tolling, which is to be "sparingly" applied. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.2003).

### III. Conclusion and Recommendation

As the petition is time-barred, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus [Doc #2] be **denied** and that this case be **dismissed** without the necessity of requiring the Respondent to file a written response.[2]

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the

---

[2]A separate order has been filed herewith that grants Petitioner leave to file his petition *in forma pauperis*, and denies Petitioner's motion to appoint counsel.

requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This 24th day of November, 2010.

**Signed By:**
**J. Gregory Wehrman**
**United States Magistrate Judge**