# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON

**CIVIL ACTION NO. 10-261-DLB-JGW**

**EDDY DELOACH**                                                                         **PETITIONER**


**vs.**                                    **ORDER**


**WARDEN, EASTERN KENTUCKY**                                          **RESPONDENT**
**CORRECTIONAL FACILITY**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Report and Recommendation (R&R) of the United States Magistrate Judge wherein he recommends that Petitioner Eddy Deloach's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 2) be denied as time-barred. (Doc. # 5). Deloach timely filed objections to the Magistrate's R&R. (Doc. # 6). Respondent having filed no response, and the time for submitting such response having long expired, the R&R and Petitioner's objections thereto are ripe for review. For the reasons that follow, Petitioner's objections are **overruled**, and the Magistrate's R&R is **adopted** as the opinion of the Court.

Deloach's § 2254 petition challenges his September 29, 2004 conviction for rape in the first degree. He pleaded guilty in Grant County Circuit Court and was sentenced on September 29, 2004, to a term of imprisonment of thirty-five years from which no direct appeal was taken. *See Deloach v. Commonwealth*, No. 2007-CA-001680, 2008 WL 5191447, at *1 (Ky. Ct. App. Dec. 12, 2008). On May 14, 2007, Deloach filed a post-

conviction motion in state court to vacate his sentence, which was denied. This denial was later affirmed by the Kentucky Court of Appeals, and the Kentucky Supreme Court denied discretionary review on November 18, 2009. Almost a year later on November 16, 2010, Deloach filed the petition currently pending before this Court.

Petitioner objects to the Magistrate's recommendation to deny his petition, claiming the statute of limitations should be tolled because "Petitioner was told that he did not have a right to appeal the guilty plea, and, as he is not trained or knowledgeable about the law, had no idea he could challenge his violations." (Doc. # 6 at 1). He further insisted that tolling is appropriate because "attorneys originally involved in the case" mislead him when they advised "he had no right to appeal . . . [he] could file a Rcr 11.42 within three (3) years of the conviction and, that the Federal toll time did not start until after the final review by the highest state court." (*Id.* at 3) (emphasis omitted).

To be timely, a petitioner may seek federal habeas relief within one year of the latest of four circumstances. The circumstance applicable here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Kentucky does not provide for direct appeal from a guilty plea, *Davis v. Commonwealth*, 471 S.W.2d 740 (Ky. 1971), Deloach's conviction became final on the date the court entered its judgment of conviction, September 29, 2004. (Doc. # 2 at 1); *see also* 28 U.S.C. § 2244(d)(1)(A). Therefore, Deloach had until September 29, 2005, to file his federal petition for writ of habeas corpus.

Consistent with the Magistrate Judge's findings, Deloach is not entitled to either statutory or equitable tolling. Section 2244(d)(2) provides that the one-year limitations period may be tolled by the amount of time "a properly filed application for State post-

2

conviction or other collateral review with respect to the pertinent judgment is pending." *See* 28 U.S.C. § 2244(d)(2). Petitioner did not file his state court motion to vacate until May 14, 2007–more than two and half years after the court entered its judgment of conviction. Petitioner contends that his motion was timely because it was filed within the three-year filing period set forth in Kentucky Rule of Criminal Procedure 11.42. While true, properly filing for state post-conviction relief only tolls the one-year limitations period for federal habeas review, it does not restart the clock. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (post-conviction motion may toll the limitations period, it will not restart the clock). While Deloach's motion to vacate may have been timely under the Kentucky Rules of Criminal Procedure, to stop the clock from running for purposes of federal habeas review, he had to file his post-conviction motion before the expiration of one year (i.e. before September 24, 2005). Because Deloach did not do this, statutory tolling is inapplicable.

Deloach also objects to the Magistrate Judge's refusal to apply equitable tolling in this case. Equitable tolling is applied sparingly by the federal courts. *Graham-Humphreys v. Memphis Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). And, Petitioner bears the burden of establishing that he is entitled to its application. *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549 (2010); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To do this, he must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). Deloach argues equitable tolling is warranted in this case because he has diligently pursued his rights; further asserting the incorrect legal advice he received and "being denied access to an attorney or someone to assist the filing of his petitions," constitute "extraordinary circumstances" that trigger tolling. (Doc. # 6 at 2).

Although Petitioner Deloach goes to great length to delineate his diligence in seeking to set aside his sentence, he falls far short of establishing extraordinary circumstances that would justify application of equitable tolling. Attorney error usually will not satisfy the "extraordinary circumstances" threshold necessary to invoke equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."); *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002) ("a lawyer's mistake is not a valid basis for equitable tolling."); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (finding no equitable tolling for attorney error in believing state collateral actions reset the statute of limitations clock); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (attorney's misreading of AEDPA did not require equitable tolling). Deloach's lack of access to an attorney, moreover, is not an extraordinary circumstance that merits application of equitable tolling. "[I]n the postconviction context . . . prisoners have no constitutional right to counsel." *Lawrence*, 549 U.S. at 336-37 (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)).

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1)     Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 6) are hereby **OVERRULED**;

(2)     The Magistrate Judge's Report and Recommendation (Doc. # 5) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3)     The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. # 2) is hereby **DENIED**; and

(4)     The matter is hereby **DISMISSED** and **STRICKEN** from the active docket of

this Court; and

(5)     The Court determines there would be no arguable merit to an appeal in this

matter and, therefore, no certificate of appealability shall issue.

This 2nd day of May, 2011.



Signed By:

David L. Bunning

United States District Judge

G:\DATA\ORDERS\Cov10\10-261-Order Adopting R&R.wpd